EVERHART v BOARD OF EDUCATION OF THE ROSEVILLE
COMMUNITY SCHOOLS

Docket No. 51910. Submitted May 7, 1981, at Detroit.—Decided July
28, 1981.

Joseph Everhart, individually and as next friend of Danielle
Everhart, brought an action against the Board of Education of
the Roseville Community Schools, R. A. MacIntyre, and Jeanne
Maksym for damages arising out of injuries sustained by Dan-
ielle Everhart while playing on a school playground during
recess. Defendants moved for summary judgment on the ground
of governmental immunity, which motion was granted. Plaintiff
then moved to amend his complaint, which motion was denied,
Macomb Circuit Court, Edward J. Gallagher, J. He appeals.
*Held:*

1. The trial court properly granted summary judgment in
favor of defendants. The operation of a public school, including
a playground, is a governmental function and the Board of
Education is immune from tort liability when engaged in that
function as were defendants MacIntyre and Maksym as employ-

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 40,
74.
   Tort liability of public schools and institutions of higher learning
      for injuries resulting from lack or insufficiency of supervision. 38
      ALR3d 830.
   Modern status of doctrine of sovereign immunity as applied to
      public schools and institutions of higher learning. 33 ALR3d 703.
   Tort liability of public schools and institutions of higher learning.
      86 ALR2d 489.
[2, 3] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 77,
94–96.
   73 Am Jur 2d, Summary Judgment § 4.
   Personal liability of public school officers, or teachers or other
      employees for negligence. 32 ALR2d 1163.
[3] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 299.
[5, 6] 61A Am Jur 2d, Pleadings §§ 315–317.
   Timeliness of amendments to pleadings made by leave of court
      under Federal Rule of Civil Procedure 15 (a). 4 ALR Fed 123.
[6] 61A Am Jur 2d, Pleadings §§ 71 *et seq.*, 230 *et seq.*
   73A Am Jur 2d, Summary Judgment § 40.

ees of the school board performing discretionary governmental duties.

2. The trial court properly granted summary judgment in favor of defendants regarding plaintiff's allegation of nuisance which at most would have established nuisance in fact for which defendants would be immune from liability for torts arising out of an operation which is a governmental function.

3. The trial court erred in denying plaintiff's motion to amend his complaint to allege that certain playground equipment was structurally defective. Defendants did not object to his failure initially to join all claims and thus waived the defense. The grant of summary judgment did not bar plaintiff's claim. No unfair prejudice to defendants was shown.

4. The trial court properly denied plaintiff's motion to amend his complaint to include two playground supervisors as parties defendant since the allegations, if true, would establish that the supervisors were negligent while acting in the scope of their employment and thus immune from liability.

Affirmed in part, reversed in part, and remanded.

1. SCHOOLS — PLAYGROUND SUPERVISION — GOVERNMENTAL IMMUNITY — TORTS — STATUTES.

Supervision of students on a playground during a school day recess at a public school is part of the operation of a public school which is a governmental function, and a governmental agency so engaged is immune from tort liability (MCL 691.1407; MSA 3.996[107]).

2. SCHOOLS — SCHOOL EMPLOYEES — GOVERNMENTAL IMMUNITY — DISCRETIONARY ACTS — NEGLIGENCE — ULTRA VIRES ACTS — SUMMARY JUDGMENT — STATUTES.

An employee of a governmental agency, such as a public school, is protected from liability for damages arising out of the performance of his discretionary governmental duties, and a trial court in an action alleging negligence by such an employee in the performance of those duties properly may grant the employee's motion for summary judgment where no *ultra vires* acts are alleged (MCL 691.1407; MSA 3.996[107]).

3. NUISANCE — GOVERNMENTAL IMMUNITY.

A trial court properly may grant summary judgment in an action against a governmental agency where, based on the allegations, only negligent nuisance in fact as opposed to intentional nuisance would be established in a case where governmental immunity could apply (MCL 691.1407; MSA 3.996[107]).

4. SCHOOLS — SCHOOL PLAYGROUNDS — PUBLIC BUILDINGS AND ENVI-
   RONS — GOVERNMENTAL LIABILITY — STATUTES.

   A governmental agency is liable for bodily injury and property
   damage resulting from a dangerous or defective condition of a
   public building and its environs, including public school play-
   ground equipment (MCL 691.1406; MSA 3.996[106]).

5. PLEADING — AMENDMENT OF PLEADINGS — MOTIONS.

   A request by a party to amend its complaint should be granted
   freely by a trial court where no undue delay, bad faith, or
   dilatory motive is shown; mere lateness in moving to amend is
   an insufficient reason to deny the motion absent unfair preju-
   dice to the opposing party.

6. JUDGMENT — SUMMARY JUDGMENT — AMENDMENT OF PLEADINGS
   — JOINDER OF CLAIMS — WAIVER — BAR — JUDICIAL DISCRE-
   TION — COURT RULES.

   A grant of summary judgment as to certain of a plaintiff's
   allegations in an action does not bar a claim arising out of the
   same transaction but not included in the original complaint
   and not amenable to summary judgment, and where the plain-
   tiff moves to amend his complaint and the defendant previously
   did not object to the plaintiff's failure to join all claims, the
   defendant, in the absence of unfair prejudice, will be deemed to
   have waived the required joinders, and a denial of the plain-
   tiff's motion by the trial court under such circumstances consti-
   tutes an abuse of its discretion (GCR 1963, 203.1).

*Marston, Sachs, Nunn, Kates, Kadushin &
O'Hare, P.C.* (by *Gregory M. Janks*), for plaintiff.

*Law Offices of Nazar Berry* (by *Joseph R. Puleo*),
for defendant.

Before: BASHARA, P.J., and N. J. KAUFMAN and
J. L. BANKS,* JJ.

BASHARA, P.J. Plaintiff appeals the trial court's
orders granting summary judgment to defendants
on governmental immunity grounds, MCL

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

691.1407; MSA 3.996(107), and denying his motion to amend his complaint.

Danielle Everhart was a student at Patton Elementary School in the defendant Roseville Community School District. While at recess, she was struck and knocked to the paved playground by another student who was running. Danielle allegedly sustained serious injury, requiring surgical procedures now and in the future.

The trial court granted the school board's motion for summary judgment, holding that the operation of a public school is a governmental function. We agree and affirm summary judgment granted to the school district on the authority of *Churilla v School Dist for City of East Detroit,* 105 Mich App 32; 306 NW2d 381 (1981), *Smith v Mimnaugh,* 105 Mich App 209; 306 NW2d 454 (1981), and *Deaner v Utica Community School Dist,* 99 Mich App 103; 297 NW2d 625 (1980).

Summary judgment was also granted to defendants MacIntyre and Maksym, the principal and "teacher in charge", respectively. The proper standard for determining whether an employee is cloaked with governmental immunity is not well settled in Michigan. In *Bush v Oscoda Area Schools,* 405 Mich 716; 275 NW2d 268 (1979), the complaint alleged that the negligence of the school board, superintendent, teacher, and principal caused an explosion in a science classroom resulting in plaintiff's decedent sustaining severe burns. The Court found applicable the defective building exception to the governmental immunity statute, MCL 691.1406; MSA 3.996(106), and reversed the trial court's order granting summary judgment for defendant school board.

More pertinently, the opinion, written by Justice LEVIN and joined by Justices KAVANAGH and FITZGERALD, held that the complaint also alleged a

valid cause of action against the individual employees. No reasoning was offered.

The remaining four justices filed separate opinions. Justice MOODY dissented on the issue of the individual's liability and would have held that the activities were discretionary functions that are the essence of governing which fall within the ambit of the governmental immunity statute. Chief Justice COLEMAN concurred in that portion of Justice MOODY's opinion.

Justice WILLIAMS filed a concurring opinion in which he stated that governmental immunity should be granted as to individuals performing a governmental function unless the action is *ultra vires.*

Finally, Justice RYAN dissented from the Court's opinion holding the defective building exception applicable. He did not specifically comment on the issue of employee liability. However, he held that no cause of action existed, thereby implying that governmental immunity barred a claim against the individual defendants.

In summary, three justices held that the complaint stated a cause of action against the individual employees, one justice would have held that it did not, two justices would have held that the employees were engaged in a discretionary governmental function and were immune from liability for ordinary negligence, and one justice would have held that only *ultra vires* activities are not protected by governmental immunity.

Case law prior to *Bush* was also in a state of flux on the issue of individual liability of governmental employees. However, our review of the law leads us to conclude that the prevalent and correct standard is that stated by Justice WILLIAMS in *Bush:* Employee actions performed within the

scope of a governmental function are cloaked with governmental immunity. See *Galli v Kirkeby,* 398 Mich 527, 543, 544; 248 NW2d 149 (1976), and *Cook v Bennett,* 94 Mich App 93; 288 NW2d 609 (1979) (BASHARA, J., partial dissent).

The complaint alleges that the principal and teacher were negligent in the performance of their work functions. Specifically, it was alleged that the principal, MacIntyre, was negligent in the hiring of school ground supervisors and teachers and in the supervision of those employees. The teacher, Maksym, was allegedly remiss in not controlling the children while they were running on the playground.

The allegations clearly claim that the individuals were negligent in the performance of their discretionary governmental duties. No *ultra vires* acts are alleged. Consequently, under the test enunciated by Justice MOODY or that suggested by Justice WILLIAMS in *Bush,* these defendants are protected by the governmental immunity statute. Summary judgment in favor of MacIntyre and Maksym is affirmed.

Plaintiff also alleges error in the trial court's grant of summary judgment as to the allegation of nuisance. Plaintiff alleged that defendants intentionally and/or negligently created a nuisance by failing to hire and supervise competent personnel, instruct students on proper conduct, and warn students of the danger. Although the term "intentional" is employed in the complaint, it is clear that the specific allegations, at most, would establish a negligent nuisance in fact. Hence, the claim was properly dismissed. See *Rosario v City of Lansing,* 403 Mich 124; 268 NW2d 230 (1978), and *Gerzeski v Dep't of State Highways,* 403 Mich 149; 268 NW2d 525 (1978).

Next, plaintiff challenges the trial court's ruling denying his motion to amend the complaint to allege the playground was structurally defective. This claim would not be barred by the governmental immunity statute as an allegation of defective buildings, including playground equipment, is an exception to the immunity statute. MCL 691.1406; MSA 3.996(106), *Bush, supra, Pichette v Manistique Public Schools,* 403 Mich 268; 269 NW2d 143 (1978), *Monfils v City of Sterling Heights,* 84 Mich App 330; 269 NW2d 588 (1978).

The trial court considered the motion to amend the complaint after its opinion granting summary judgment on the original complaint had been issued but before the order had been entered. The court ruled that the motion to amend could not be granted unless plaintiff was in possession of information which he did not have at the time the original complaint was filed.

We agree with plaintiff's assertion that the trial court used an improper standard in denying the motion. A request to amend the complaint should be granted freely where there is no showing of undue delay, bad faith, or dilatory motive. *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649; 213 NW2d 134 (1973). Mere lateness in moving to amend is not a sufficient reason to deny the motion absent unfair prejudice to the opposing party. *Rubino v City of Sterling Heights,* 94 Mich App 494; 290 NW2d 43 (1979).

We find no such prejudice resulting to defendant school board in allowing plaintiff to amend his complaint, even after an opinion had been issued holding that the original counts were dismissed. Because the school board did not object to a failure to join all claims at pretrial or by motion, any claim arising out of the same transaction not

included in the original complaint was not barred by the summary judgment. GCR 1963, 203.1. See *Rogers v Colonial Federal Savings & Loan Ass'n of Grosse Pointe Woods,* 405 Mich 607; 275 NW2d 499 (1979). No parties had been dismissed from the action when the motion was considered. Consequently, we hold that the trial court abused its discretion in denying the motion to amend the complaint.

Finally, plaintiff asserts that his motion to amend the complaint to add as parties defendant the two playground supervisors was improperly denied. We disagree. The allegations, if true, would establish that the supervisors were negligent while acting in the scope of their employment and, thus, immune from liability under the governmental immunity statute.

Affirmed in part; reversed in part. Remanded for further proceedings on plaintiff's allegation of defective premises.

Costs to abide the outcome.