LEWIS v BEECHER SCHOOL SYSTEM

Docket No. 52656. Submitted June 3, 1982, at Lansing.—Decided July 19, 1982.

Ernestine Lewis, individually and as guardian of Kelvin R. Armstrong, a minor, brought an action in the Genesee Circuit Court against the Beecher School System and "John Doe, physical education instructor" for damages for injuries sustained by Kelvin Armstrong while wrestling during a physical education class. A copy of the summons and complaint were served on Earl Lamppa. Plaintiff moved to delete the reference to John Doe and insert the name of Earl Lamppa. Lamppa was not served with a copy of the amended complaint. A default was entered against Lamppa and summary judgment was entered in favor of the school system based on governmental immunity, Robert M. Ransom, J. Plaintiff moved for a default judgment and notice was sent to Lamppa. Lamppa testified at a hearing on the motion that he had never received a summons or complaint which named him as a defendant and that he did not know that he was included as a defendant. The trial court ordered the default to be set aside. Lamppa was served with a complaint which named him as defendant and alleged acts of negligence within the scope of his employment. The court granted summary judgment in favor of Lamppa on the basis of governmental immunity. Plaintiff appealed. *Held:*

1. A court does not acquire personal jurisdiction over a party served with a summons and complaint naming John Doe as defendant where the party did not know he was intended to be included as the John Doe party. The trial court properly set

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error §§ 115, 127.

46 Am Jur 2d, Judgments § 682.

Appealability of order setting aside, or refusing to set aside, default judgment. 8 ALR3d 1272.

[2] 20 Am Jur 2d, Courts § 142 *et seq.*

[3] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 11.

Modern status of doctrine of sovereign immunity as applied to public schools and institutions of higher learning. 33 ALR3d 703.

aside the default without the filing of an affidavit of a meritorious defense.

2. A public school teacher, in the performance of his duties, who acts within the scope of his employment is immune from liability for negligence. The trial court properly granted summary judgment in favor of Lamppa.

Affirmed.

1. Judgments — Default Judgments — Appeal.

The setting aside of a default judgment rests in the sound discretion of the trial judge and shall be granted only if the moving party shows good cause for vacating the default judgment and files an affidavit of facts showing a meritorious defense; the exercise of a trial court's discretion will be successfully challenged only if there is a clear showing of abuse of discretion.

2. Process — Personal Jurisdiction — General Court Rules.

A court does not acquire personal jurisdiction over a party served with a summons and complaint naming John Doe as defendant where the party did not know he was intended to be included as the John Doe party (GCR 1963, 105.9).

3. Governmental Immunity — School Teachers — Negligence.

A public school teacher, in the performance of his duties, who acts within the scope of his employment is immune from liability for negligence.

*George Killeen,* for plaintiff.

*Wilson, Portnoy, Basso & Leader, P.C.* (by *Robert P. Roth),* for defendant Lamppa.

Before: Danhof, C.J., and Beasley and J. P. Swallow,* JJ.

Danhof, C.J. Plaintiff appeals as of right an order of the trial court granting summary judgment pursuant to GCR 1963, 117.2(1), in favor of defendant.

Plaintiff's amended complaint alleges that Kelvin R. Armstrong was injured while wrestling

---

* Circuit judge, sitting on the Court of Appeals by assignment.

during a physical education class at Dolan Junior High School in Flint. Dolan Junior High is operated as part of the Beecher School System. Plaintiff's original complaint and summons named Beecher School System and "John Doe, physical education instructor" as defendants. A copy of the complaint and summons were served on Earl Lamppa on February 19, 1979. On March 20, 1979, plaintiff filed an amended complaint to delete the reference to John Doe and insert the name of Earl Lamppa. However, Lamppa was not served with a copy of the amended complaint. Lamppa failed to answer or otherwise defend, whereupon a default was entered on April 25, 1979.

On May 4, 1979, summary judgment was entered in favor of Beecher School System. The trial court ruled that MCL 691.1407; MSA 3.996(107), rendered the school system immune from plaintiff's claim. Plaintiff does not challenge the propriety of that decision.

On July 11, 1979, plaintiff moved for the entry of default judgment against Lamppa. Notice of hearing on the motion was sent to Lamppa by registered mail. Thereafter, Lamppa secured the services of an attorney who filed an appearance on his behalf. At a hearing held on September 5, 1979, Lamppa testified that he had never received a summons or complaint which named him as a defendant and that he did not know that he was included as a defendant. Following the hearing, the trial court ordered the default to be set aside. On September 6, 1979, Lamppa was served with a complaint which named him as defendant.

On July 23, 1980, plaintiff filed an amended complaint which alleged in part the following:

"7. That as an expert defendant Lamppa knew or

should have known that adolescent Negroid males such as your plaintiff Armstrong are especially susceptible to the type of hip dislocation injury as complained of and as suffered by your plaintiff Armstrong.

\* \* \*

"12. That defendant Lamppa, as an expert in the fields of teaching and physical education was charged with the following ministerial duties:

"(1) to discharge his supervisory duties in such a manner so as to prevent injury to students in his charge.

"(2) to obtain a written authorization from a parent of each student being required to participate in strenuous and violent physical exercise.

"13. That defendant Lamppa negligently and/or willfully and wantonly and/or recklessly and/or grossly negligently breached each and every of the above duties by the following acts and/or omissions:

"(1) failure to supervise the physical activities of your plaintiff Armstrong, an adolescent Negroid male, in a manner and method commensurate with the expert standards of care with which defendant Lamppa is chargeable.

"(2) failure to obtain a written authorization from a parent of your plaintiff Armstrong contrary to the expert standard of care with which your defendant Lamppa is both reasonably and actually chargeable as set forth in paragraph 11 above."

Thereafter, the trial court granted Lamppa's motion for summary judgment on the ground that plaintiff's failure to allege the commission of *ultra vires* acts by Lamppa required a finding that Lamppa was protected by the governmental immunity provisions of MCL 691.1407; MSA 3.996(107).

Plaintiff first contends that the trial court erred by setting aside the default. We begin by noting that a trial court's decision whether or not to set aside a default is a matter committed to the trial court's sound discretion. This Court will not inter-

fere with the trial court's exercise of such discretion unless a clear abuse is shown. *Novi Construction, Inc v Triangle Excavating Co,* 102 Mich App 586, 588; 302 NW2d 244 (1980). The procedure for setting aside a default is governed by GCR 1963, 520.4 which provides in part:

"A proceeding to set aside default or a default judgment, except when grounded on want of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed."

Plaintiff claims that the failure of Lamppa to file an affidavit of meritorious defense precluded the action taken by the trial court. However, the court rule does not require such an affidavit where the proceeding to set aside the default is grounded on want of jurisdiction. See *H & L Heating Co v Bryn Mawr Apartments of Ypsilanti, Ltd,* 97 Mich App 496, 503; 296 NW2d 354 (1980). Since the summons did not name Lamppa as defendant, as required by GCR 1963, 102.2, and since Lamppa testified that he did not know that he was included as a defendant, personal jurisdiction was not acquired over him until after the default was set aside. GCR 1963, 105.9, *H & L Heating Co, supra,* 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 46. Therefore, we find no abuse of discretion in the trial court's decision to set aside the default.

Plaintiff next contends that the trial court erred in granting summary judgment in favor of Lamppa. Plaintiff contends that the acts complained of against Lamppa are ministerial only and that Lamppa is not immune from suit. We find it unnecessary to determine whether the duties were ministerial because we are inclined to

follow the lead of two other panels of this Court and hold that the proper test to apply to determine whether an employee is cloaked with governmental immunity is to determine whether he was acting within the scope of his employment. *Everhart v Roseville Bd of Ed,* 108 Mich App 218; 310 NW2d 338 (1981), *Gaston v Becker,* 111 Mich App 692; 314 NW2d 728 (1981).

In *Bush v Oscoda Area Schools,* 405 Mich 716; 275 NW2d 268 (1979), the Supreme Court was asked to determine whether a principal and a school teacher were immune from suit where an explosion in a science classroom resulted in severe burns to plaintiff's daughter. Justice MOODY, who was joined by Justice COLEMAN, stated that the principal and teacher were "performing primarily discretionary activities that are of essence to government". 405 Mich 716, 734. Therefore, they would have ruled defendants immune from suit.

Justice WILLIAMS wrote that governmental immunity should be granted to individuals performing a governmental function unless the action is *ultra vires.*

Justice RYAN, joined by Justice COLEMAN, would have held that plaintiff's complaint failed to state a cause of action.

Although Justice MOODY appeared to base his decision in *Bush, supra,* on the discretionary-ministerial dichotomy, we agree with *Gaston v Becker, supra,* wherein the Court stated:

"It is our belief that Justice MOODY's subsequent opinion in *Lockaby v Wayne County,* 406 Mich 65, 83-84; 276 NW2d 1 (1979), shows that he, like Justice WILLIAMS, is really concerned with whether the individual defendants were acting within the scope of their employment as opposed to whether their activities were discretionary. In *Lockaby,* Justice MOODY stated:

" 'However, plaintiff fails to state a cause of action against the defendants under Count II of his complaint.

The operation of a county jail is essentially a governmental function. The county is, therefore, immune under this claim. See *Parker, supra [Parker v Highland Park,* 404 Mich 183; 273 NW2d 413 (1978)] *Perry v Kalamazoo State Hospital,* 404 Mich 205; 273 NW2d 421 (1978). In addition, the officers and employees of the county, while acting within the scope of their employment maintaining a jail, primarily are performing essential public duties. Thus, they are immune from alleged negligent actions or selection of personnel. See *Bush v Oscoda Area Schools,* 405 Mich 716; 275 NW2d 268 (1979).' *Id.,* 84.

"As can be seen, Justice MOODY did not give the slightest hint that a distinction between discretionary and ministerial activities was important to his decision. We believe his reference in *Bush* to 'discretionary activities' had no significance to his holding. Instead, Justice MOODY was merely recognizing the extensive executive and limited judicial authority of the individual defendants in *Bush.*" 111 Mich App 692, 699.

Furthermore, in *Lockaby,* Justice COLEMAN and Justice RYAN agreed with Justice MOODY that county "officers and employees, while acting in the scope of their employment operating and maintaining a jail" are immune from liability. 406 Mich 65, 79.

In our view, four members of the Supreme Court would now hold that an employee who is acting within the scope of his employment is immune from suit. Therefore, we part company from other panels of this Court which continue to adhere to the discretionary-ministerial test. See *Cook v Bennett,* 94 Mich App 93; 288 NW2d 609 (1979), *Vargo v Svitchan,* 100 Mich App 809; 301 NW2d 1 (1980), *lv gtd* 411 Mich 1035 (1981), *Willis v Nienow,* 113 Mich App 30; 317 NW2d 273 (1982). Since plaintiff's allegations clearly claim that Lamppa was negligent in the performance of his duties as a teacher, the trial court correctly dismissed plaintiff's complaint.

Affirmed. Costs to defendants-appellees.