POMILEE v CITY OF DETROIT

Docket No. 51905. Submitted April 22, 1982, at Lansing.—Decided
November 3, 1982. Leave to appeal applied for.

Annie Mae Pomilee was admitted to the Detroit Psychiatric
Institute and, while there, suffered an injury to her arm. The
Detroit Psychiatric Institute was operated by the Michigan
Department of Mental Health in facilities rented from the City
of Detroit. Willie Mae Pomilee, Annie Mae's guardian, brought
actions in Wayne Circuit Court and the Court of Claims alleg-
ing negligence against the City of Detroit, the Detroit Psychiat-
ric Institute, David Berman, M.D., and Patrick B. Kavanaugh.
Berman and Kavanaugh were co-directors of the Institute and
were involved in the treatment of Annie Mae. The actions
against all defendants except the Institute were consolidated in
the circuit court. Subsequently, judgments in favor of all defen-
dants were entered in both courts. The plaintiff appeals from a
summary judgment granted by the Wayne Circuit Court, Ha-
rold Hood, J., in favor of defendants Berman and Kavanaugh
on the basis that they were protected by governmental immu-
nity from tort liability. *Held:*

Summary judgment in favor of the individual defendants was
proper. Officers, agents, and employees of governmental institu-
tions which are immune from tort liability are themselves
cloaked with governmental immunity when acting within the
scope of their employment.

Affirmed.

M. J. KELLY, P.J., concurred in the result. He would hold that
immunity extends to individuals only when engaged in a gov-
ernmental function and acting within a discretionary, rather
than a ministerial, role. Because the operation of a public
mental hospital is a governmental function, because plaintiff
alleged that the individuals were negligent while acting within

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 27
*et seq.*
[2] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 45 *et
seq.*
[3] 40 Am Jur 2d, Hospitals and Asylums §§ 2, 22.

the normal scope of their duties, and because the alleged negligence was of a discretionary nature, defendants Berman and Kavanaugh were protected from liability by the governmental immunity statute.

OPINION OF THE COURT

1. GOVERNMENTAL IMMUNITY — EMPLOYEES — SCOPE OF EMPLOYMENT.
   Officers, agents, and employees of governmental institutions immune from tort liability are themselves cloaked with governmental immunity when they are acting within the scope of their employment.

CONCURRENCE BY M. J. KELLY, P.J.

2. GOVERNMENTAL IMMUNITY — EMPLOYEES — DISCRETIONARY ACTS.
   *Governmental immunity from tort liability extends to an individual only when he is engaged in the exercise of a governmental function and is acting within a discretionary rather than a ministerial role (MCL 691.1407; MSA 3.996[107]).*

3. GOVERNMENTAL IMMUNITY — PUBLIC MENTAL HOSPITALS.
   *The operation of a public mental hospital is a governmental function.*

*Turner & Turner, P.C.* (by *Lee I. Turner*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *George L. McCargar* and *Alan Hoffman,* Assistants Attorney General, for defendants Berman and Kavanaugh.

Before: M. J. KELLY, P.J., and CYNAR and G. R. COOK,* JJ.

PER CURIAM. This is an appeal as of right from the trial court's order of January 18, 1980, granting defendants Berman's and Kavanaugh's motion for summary judgment based on governmental immunity.

Annie Mae Pomilee, by her guardian, Willie

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Mae Pomilee, commenced this suit in the Wayne County Circuit Court on March 31, 1976, and in the Court of Claims on July 26, 1976. Plaintiff alleged that Annie Mae Pomilee was admitted to the Detroit Psychiatric Institute on March 7, 1975. Ms. Pomilee was hallucinating and delusional; her character was aggressive and destructive. On or about March 18, 1975, she allegedly suffered a brachial plexus injury to her right arm while placed in a seclusion ward room. She was treated as an inpatient at Oakland Medical Center from March 19, 1975, to April 14, 1975, for that injury.

Plaintiff alleged that Dr. David Berman and Mr. Patrick Kavanaugh, clinical co-directors of the Detroit Psychiatric Institute, were authorized to "conduct, control, implement, and govern the care, treatment, and attention of patients at the Detroit Psychiatric Institute". Dr. Berman was the medical doctor assigned to the "team" treating Ms. Pomilee and Mr. Kavanaugh was the clinical psychologist on that team.

Plaintiff, in effect, charges the individual defendants with medical malpractice or negligent conduct.

The Court of Claims granted plaintiff's motion to consolidate the circuit court and Court of Claims cases in an order filed October 29, 1976. In that order, the Court of Claims dismissed all parties but the State of Michigan in the Court of Claims action. The Michigan Department of Mental Health operated the Detroit Psychiatric Institute and rented building space from the City of Detroit.

The Detroit Psychiatric Institute was dismissed from the circuit court action by stipulation and order dated July 16, 1976.

On November 23, 1979, the circuit court heard arguments on defendants Berman's and Kava-

naugh's motion for summary judgment based on the failure to state a valid claim. GCR 1963, 117.2(1). Defendants argued that they were protected by governmental immunity as their allegedly negligent acts were performed while they exercised a governmental function. The trial judge granted that motion. An order to that effect was filed January 18, 1980. Following a trial held April 21, 1980, a jury found no cause of action against the City of Detroit for premises liability, MCL 691.1406; MSA 3.996(106).

The trial judge in the Court of Claims granted summary judgment as to the Detroit Psychiatric Institute on the basis of governmental immunity in an order filed April 25, 1980. A final order of judgment was filed May 20, 1980, entering no cause of action in the Court of Claims against plaintiff in favor of all defendants. Plaintiff filed a claim of appeal on June 2, 1980, limiting this Court's review to the circuit court's grant of summary judgment to defendants Berman and Kavanaugh.

Section 7 of the applicable statute reads as follows:

"Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided herein, this act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed heretofore, which immunity is affirmed." MCL 691.1407; MSA 3.996(107).

We believe this case is governed by *Perry v Kalamazoo State Hospital*, 404 Mich 205; 273

NW2d 421 (1978). Plaintiff asserts, however, that
that case applies only to institutions and not to
their owners, employees and agents. The trouble
with that argument is that the exception is larger
than the rule. Institutions, such as mental hospi-
tals or prisons or jails, have no life of their own,
nor do municipalities or agencies of state govern-
ment. They can only operate through persons—
live bodies. To say that a county jail is immune,
but the jailers are liable, is to completely negate
the legislatively mandated immunity.

We see little point here in trying to analyze
what each Justice of our Supreme Court held in
*Lockaby v Wayne County,* 406 Mich 65; 276 NW2d
1 (1979). Nor need we consider whether the discre-
tionary-ministerial dichotomy is still a proper test.
Suffice it to say that very little of what a medical
doctor or psychologist ever does is ministerial. See
*Cook v Bennett,* 94 Mich App 93; 288 NW2d 609
(1979).

We believe the proper rule with respect to gov-
ernment officers, agents and employees is essen-
tially that stated by Judge BASHARA in *Everhart v
Roseville Bd of Ed,* 108 Mich App 218; 310 NW2d
338 (1981). Paraphrased: Officers, agents and em-
ployees of immune institutions are themselves
cloaked with governmental immunity when acting
within the scope of their employment.

Plaintiff likewise asserts that this creates a dou-
ble standard with respect to medical malpractice,
*i.e.,* between the state-employed doctor and the
private practitioner. It certainly does. But most
laws are to some extent discriminatory.

It is only when discrimination becomes unlawful
that it is condemned. There is no suggestion here
that the immunity statute is unconstitutional.

The judgment of the trial court is affirmed as to
defendants Berman and Kavanaugh.

Affirmed.

M. J. KELLY, P.J. *(concurring)*. I concur in the result reached by the majority, but do not completely agree with the rationale of the per curiam opinion.

The statutory codification of governmental immunity, MCL 691.1407; MSA 3.996(107), extends protection to an individual only when he is engaged in the exercise of a governmental function and is acting within a discretionary rather than a ministerial role. *Willis v Nienow,* 113 Mich App 30, 39; 317 NW2d 273 (1982); *Layton v Quinn,* 120 Mich App 708; 328 NW2d 95 (1982).

The Supreme Court has determined that the operation of a public mental hospital is a governmental function. *Perry v Kalamazoo State Hospital,* 404 Mich 205; 273 NW2d 421 (1978) (4-3 decision). It follows, therefore, that when an individual performs functions within the normal scope of the operation of a public mental hospital, that individual is engaged in a governmental function.

Plaintiff's complaint alleged defendants were negligent:

"a. in disregarding available information about plaintiff, Annie Mae Pomilee's condition and failing to take a complete and proper medical history of the plaintiff Annie Mae Pomilee's condition;

"b. failing to ascertain the true quality of plaintiff Annie Mae Pomilee's condition when such condition was or should have been apparent to defendants;

"c. in making an erroneous diagnosis and allowing plaintiff Annie Mae Pomilee to remain unwatched;

"d. in not restraining plaintiff Annie Mae Pomilee when they knew, or in the exercise of reasonable care should have known that she should have been restrained under the circumstances at said time and place;

"e. in leaving plaintiff Annie Mae Pomilee in seclusion and unguarded when they knew or in the exercise

of reasonable care should have known that the room
plaintiff Annie Mae Pomilee was in was in a state of
disrepair;

"f. in leaving plaintiff Annie Mae Pomilee in seclu-
sion and unguarded when they knew or should have
known that there were dangerous objects in the room
that could and in fact did cause grievous injury to
plaintiff Annie Mae Pomilee."

These allegations assert defendants were negligent
while acting within the normal scope of their
duties at the Detroit Psychiatric Institute. Thus,
defendants were engaged in the exercise of a gov-
ernmental function.

Defendants are immune from liability, however,
only if the alleged negligence occurred while de-
fendants were acting in a discretionary rather
than ministerial role. An individual is acting in a
ministerial role when he "has a line of conduct
marked out for him, and has nothing to do but to
follow it". *Wall v Trumbull,* 16 Mich 228, 235
(1867). In contrast, plaintiff's complaint alleged
that defendants committed errors in judgment.
The discretionary-ministerial distinction protects
individuals engaged in a governmental function
from liability for errors in judgment.

I find that since defendants were engaged in a
governmental function and were acting in a discre-
tionary role, they are immune from liability.