POPE v McINTYRE

Docket No. 62351. Submitted October 20, 1982, at Detroit.—Decided March 10, 1983. Leave to appeal applied for.

Robin Pope, a minor, was injured in a school physical education class when she was attacked by another student. Robin Pope, by her next friend Carolyn Pope, and Carolyn Pope, individually, brought an action for damages against the physical education treacher, Nancy McIntyre, and the student who caused the injury, Richardo Wordlaw. McIntyre moved for summary judgment on the basis of governmental immunity. The motion was granted by the Oakland Circuit Court, Alice L. Gilbert, J. Plaintiffs appeal the grant of summary judgment in favor of McIntyre. Held:

1. Governmental immunity applies to a public employee whose allegedly tortious conduct falls within the scope of his employment.

2. Because the duty alleged to have been breached herein, that of exercising reasonable care and precautions for the safety of the students, was a duty imposed upon McIntyre by her public employment, her alleged negligence fell within the scope of her employment.

Affirmed.

BRONSON, J., concurred in the result but wrote separately to express his objection to the continued use of the scope of employment test in governmental immunity cases because it has produced arbitrary results often unrelated to the reasons for granting immunity.

1. GOVERNMENTAL IMMUNITY — PUBLIC EMPLOYEES — SCOPE OF EMPLOYMENT.

A public employee is immune from suit for tort where his allegedly tortious conduct falls within the scope of his employment.

2. GOVERNMENTAL IMMUNITY — PUBLIC EMPLOYEES — SCOPE OF EMPLOYMENT — DUTY.

A public employee's negligent act falls within the scope of his

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 88.

employment only if the duty alleged to have been breached is imposed upon the employee because of the public employment.

*Becker & Van Cleef* (by *Frank G. Becker*), for plaintiffs.

*Berry, Puleo & Noeske* (by *Nazar Berry*), for defendant.

Before: R. M. MAHER, P.J., and BRONSON and CYNAR, JJ.

PER CURIAM. In December, 1977, defendant McIntyre was a teacher at Clinton Middle School in Oak Park. Plaintiff Robin Pope, then a young woman of 13 years, was a student in defendant's physical education class. According to her, on December 5, 1977, Richardo Wordlaw, a classmate, attacked and injured her while attending defendant's class.

Robin Pope, through her mother, Carolyn Pope, and Carolyn Pope, individually, brought suit against defendant and Wordlaw on September 27, 1979. On July 7, 1981, defendant moved for summary judgment pursuant to GCR 1963, 117.2(1) on the ground that she was protected from plaintiffs' suit by governmental immunity. The trial court granted the motion.[1] Plaintiffs appeal from the trial court's order granting defendant's motion for summary judgment.

The sole issue on appeal is whether the trial court erred in granting defendant's motion for summary judgment. We must consider, therefore, whether defendant was sheltered by governmental immunity from liability for plaintiffs' damages.

This Court is split on the correct standard to apply in deciding when a public employee enjoys

---

[1] Shortly thereafter, plaintiffs secured a default judgment against Wordlaw. Wordlaw is not a party to this appeal.

governmental immunity. Some panels have held that a public employee is immune if his allegedly tortious conduct involved discretionary rather than ministerial acts. See, *e.g., Willis v Nienow,* 113 Mich App 30; 317 NW2d 273 (1982); *Fuhrmann v Hattaway,* 109 Mich App 429; 311 NW2d 379 (1981); *Cook v Bennett,* 94 Mich App 93; 288 NW2d 609 (1979). Other panels have found that a public employee is immune when his act falls within the scope of his employment. See, *e.g., Pomilee v Detroit,* 121 Mich App 121; 328 NW2d 595 (1982); *Shwary v Cranetrol Corp,* 119 Mich App 736; 326 NW2d 627 (1982); *Lewis v Beecher School System,* 118 Mich App 105; 324 NW2d 779 (1982); *Gaston v Becker,* 111 Mich App 692; 314 NW2d 728 (1981); *Everhart v Roseville Bd of Ed,* 108 Mich App 218; 310 NW2d 338 (1981). The Supreme Court has not yet stated definitively which test is to be applied. However, where the Court has most recently considered the issue, *Bush v Oscoda Area Schools,* 405 Mich 716; 275 NW2d 268 (1979); *Lockaby v Wayne County,* 406 Mich 65; 276 NW2d 1 (1979), a majority of the justices, in separate opinions, applied the scope of employment test. See *Lewis v Beecher School System, supra,* p 111. We hold, therefore, that a public employee is immune from suit where his allegedly tortious conduct falls within the scope of his employment.

In their complaint, plaintiffs allege that the defendant negligently breached her "duty to exercise reasonable care and precautions for the safety of the school children", including Robin Pope. A public employee's negligent act falls within the scope of her employment only if the duty alleged to have been breached is imposed upon her because of her public employment. See *Galli v*

*Kirkeby,* 398 Mich 527; 248 NW2d 149 (1976) (COLEMAN, J., *dissenting); Lovitt v Concord School Dist,* 58 Mich App 593; 228 NW2d 479 (1975), *overruled in part by Galli v Kirkeby, supra,* p 536; *Wynn v Cole,* 68 Mich App 706; 243 NW2d 923 (1976); *Tocco v Piersante,* 69 Mich App 616; 245 NW2d 356 (1976), *lv den* 399 Mich 882 (1977); *Cole v Rife,* 77 Mich App 545; 258 NW2d 555 (1977). Essentially plaintiffs allege that defendant was negligent in controlling Wordlaw. This duty is imposed upon defendant, if at all, because she is a teacher in a public school *Everhart v Roseville Bd of Ed, supra,* p 223. Thus, she is immune from plaintiffs' suit. Accordingly, the trial court did not err in granting defendant's motion for summary judgment.

Affirmed. Defendant may tax costs.

BRONSON, J. *(concurring).* Although I authored the opinion in *Gaston v Becker,* 111 Mich App 692; 314 NW2d 728 (1981), I believe that the adoption (at least by most panels of this Court) of the "scope of employment" test has produced arbitrary results and is often unrelated to either the common-law reasons for the immunity doctrine or the Legislature's apparent purposes in enacting the immunity statute. Because the examination of this issue is one of the Supreme Court's most urgent priorities, I will not attempt to reassess my position here. I only wish to register my objection to the continued use of the "scope of employment" test and the accompanying expansion of the definition of what is a "governmental function". The trial court properly applied the "scope of employment" test here.

I concur in the result.