YOUNG v CITY OF ANN ARBOR (ON REHEARING)

Docket No. 52031. Submitted March 8, 1983, at Lansing.—Decided May 4, 1983. Leave to appeal applied for.

Kenneth L. Young hanged himself while being held in a detention cell at the Ann Arbor Police Station. Mary Lorraine Young, personal representative of the estate of the deceased, brought an action in the Washtenaw Circuit Court against the City of Ann Arbor, its chief of police, and other police officers claiming that the cells in the station were maintained by the city in an unsafe condition and that the individual defendants had been negligent in performing their ministerial duties. At the close of plaintiff's proofs, the trial court, Edward D. Deake, J., directed a verdict in favor of one of the arresting officers, the chief of police, and the City of Ann Arbor. The jury subsequently returned a verdict in favor of the remaining three defendants. A motion for a new trial was denied. Plaintiff appealed and the Court of Appeals reversed and remanded for a new trial, holding, among other things, that the trial court erred in directing a verdict in favor of the police chief because he had a ministerial duty to enforce regulations set forth by the Department of Corrections and he failed to do so. The Court of Appeals held that the police chief was not entitled to governmental immunity where he violated a ministerial duty of his office, 119 Mich App 512 (1982). Defendant police chief, Walter Krasny, applied for rehearing on the issue of whether the trial court erred in directing a verdict in his favor on the ground of governmental immunity. Rehearing was granted. *Held:*

The trial court did not err in directing a verdict in Krasny's favor on the ground of governmental immunity. A public employee is immune from liability for negligence where his act falls within the scope of his employment. The plaintiff failed to prove sufficient facts to avoid Krasny's governmental immunity, therefore the trial court did not err in directing a verdict in his favor. The trial court's judgment as to Krasny is af-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 63 Am Jur 2d, Public Officers and Employees § 288.

[2] 63 Am Jur 2d, Public Officers and Employees §§ 28, 289, 291, 293.

firmed. The Court of Appeals earlier opinion in this case is
vacated insofar as it is inconsistent with this opinion.

M. F. CAVANAGH, P.J., dissented. He would continue to limit
the scope of official immunity for governmental employees by
applying the "ministerial discretionary" distinction for acts
committed within the scope of such employment. Applying this
standard, the trial court erred in directing a verdict in favor of
Krasny.

### Opinion of the Court

1. GOVERNMENTAL IMMUNITY — PUBLIC OFFICERS — DISCRETIONARY
   AND MINISTERIAL ACTS.

   Public officers are protected under governmental immunity from
   liability for negligent acts committed while acting within the
   scope of their employment, whether the acts are discretionary
   or ministerial.

### Dissent by M. F. Cavanagh, P.J.

2. GOVERNMENTAL IMMUNITY — PUBLIC OFFICERS — DISCRETIONARY
   AND MINISTERIAL ACTS.

   *The liability of a public officer for tortious acts committed in the*
   *scope of his employment is determined by deciding whether the*
   *acts of the officer are discretionary or ministerial; discretionary*
   *acts are normally protected under governmental immunity,*
   *ministerial acts are not.*

*Donald B. Greenspon* and *Fred Sorkow,* for
plaintiff.

*John K. Van Loon,* Chief Assistant City Attor-
ney, for defendants.

### On Rehearing

Before: M. F. CAVANAGH,* P.J., and R. M. MAHER
and K. B. GLASER,** JJ.

PER CURIAM. We granted rehearing in this case
to reconsider our earlier holding that defendant

---

* Supreme Court Justice, sitting on the Court of Appeals by assign-
ment.

** Circuit judge, sitting on the Court of Appeals by assignment.

Police Chief Walter Krasny is not entitled to governmental immunity. The facts were stated accurately in our original opinion:

"Plaintiff's husband committed suicide by hanging himself with his belt while held in a detention cell at the Ann Arbor Police Station. Plaintiff sued defendants, claiming that the cells in the station were maintained by the city in an unsafe condition and that the individual defendants had been negligent in performing their ministerial duties. At the close of plaintiff's proofs, the trial court directed a verdict in favor of one of the arresting officers, the chief of police, and the City of Ann Arbor. The jury subsequently returned a verdict in favor of the remaining three defendants. A motion for a new trial [was] denied * * *." *Young v City of Ann Arbor,* 119 Mich App 512, 515; 326 NW2d 547 (1982).

On appeal, this Court reversed and remanded the case for a new trial.

The sole issue on rehearing is whether the trial court erred in directing a verdict in favor of Police Chief Walter Krasny on the ground of governmental immunity. We now hold that it did not.

This Court is divided on the proper test of a public employee's immunity from liability for negligence. Several panels have held that an employee is immune if his allegedly tortious conduct involved discretionary rather than ministerial acts. See, *e.g., Cook v Bennett,* 94 Mich App 93; 288 NW2d 609 (1979); *Fuhrmann v Hattaway,* 109 Mich App 429; 311 NW2d 379 (1981). Other panels have ruled that a public employee is immune where his act "falls within the scope of his employment". See, *e.g., Everhart v Roseville Community Schools Bd of Ed,* 108 Mich App 218; 310 NW2d 338 (1981); *Gaston v Becker,* 111 Mich App 692; 314 NW2d 728 (1981); *Lewis v Beecher School System,* 118 Mich App 105; 324 NW2d 779 (1982);

*Shwary v Cranetrol Corp,* 119 Mich App 736; 326 NW2d 627 (1982). We believe that "scope of employment" is the proper test. A governmental entity's immunity is limited to those actions in discharge of its governmental function. MCL 691.1407; MSA 3.996(107). By analogy, a public employee should be immune only to the extent that he acts within the scope of his public responsibilities. In addition, we note that a majority of the justices of the Supreme Court appeared to adopt some version of the scope of employment test in *Lockaby v Wayne County,* 406 Mich 65; 276 NW2d 1 (1979).

In the present case, the plaintiff does not contend that Police Chief Krasny's allegedly negligent acts were outside the scope of his employment. Because the plaintiff did not prove sufficient facts in avoidance of Police Chief Krasny's governmental immunity, the trial court did not err in directing a verdict in his favor. The trial court's judgment as to Police Chief Krasny is affirmed.

Our opinion, *Young v City of Ann Arbor,* 119 Mich App 512; 326 NW2d 547 (1982), is vacated insofar as it is inconsistent with this opinion.

M. F. CAVANAGH, P.J. *(dissenting).* I respectfully dissent. I prefer to continue to limit the scope of official immunity for governmental employees by applying the "ministerial-discretionary" distinction for acts committed within the scope of such employment. This standard has its roots in early Michigan common law, and our Supreme Court has never expressly departed from its application. As Judge KELLY recently stated in *Layton v Quinn,* 120 Mich App 708, 720-721; 328 NW2d 95 (1982):

"Established rules of law are not generally aban-

doned merely by implication. [Citation omitted.] Thus, we decline to follow the errant path of some panels of this Court which have abandoned the ministerial-discretionary test. The abolition of the standard would result in an unwarranted expansion of governmental immunity. Such an expansion should not be predicated merely on what a panel predicts 'four members of the Supreme Court would now hold.' " "

I find this to be especially true in light of the significant changes in the present makeup of the Supreme Court. It is not possible to divine whether the Supreme Court will abandon application of the ministerial-discretionary standard and, there being no other persuasive legal or policy reasons advanced by those who favor abandoning such a standard, I prefer to adhere to its application.

Thus, I continue to hold that the trial court erred in directing a verdict in favor of defendant Police Chief Walter Krasny. As Chief of Police at the Ann Arbor facility, defendant Krasny was required to enforce the regulations which apply to that facility. This was a ministerial duty of his office, a violation of which is not protected by any official immunity.