## DANLEY v YUZON

Docket Nos. 63531, 64213. Submitted January 12, 1983, at Detroit.—
Decided August 17, 1983. Leave to appeal applied for.

Helen Danley was committed to the Clinton Valley Center Hospital pursuant to an order of the Oakland Probate Court. She was also treated by physicians at the West Oakland Community Health Clinic. Both the hospital and the clinic are facilities of the Oakland County Community Mental Health Board. Subsequently, Helen Danley was discharged from the Valley Center. Thereafter, she died from drinking sulfuric acid. John Danley, individually, and as personal representative of the estate of Helen Danley, deceased, brought suit in Oakland Circuit Court against Ricardo A. Yuzon, M.D., O. K. Rhyun Lee, M.D., Audrey A. Crawford, and O. B. Lee, M.D., all employees of the Mental Health Board. The court, Robert C. Anderson, J., granted summary judgment for the defendants. The plaintiff appealed the summary judgment for Crawford and the Court of Appeals granted plaintiff leave to appeal the summary judgment for the remaining defendants and consolidated the appeals. *Held:*

The circuit court's grant of summary judgment should be affirmed. Each individual defendant clearly acted within the scope of his or her employment in treating and discharging Helen Danley. Where the function of an employer is a governmental one, an employee is immune from tort liability if his act is within the scope of his employment. Publicly operated psychiatric facilities are engaged in governmental functions.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur 2d, Master and Servant § 180 *et seq.*
   57 Am Jur 2d, Municipal, School, and State Tort Liability § 88.
[2] 40 Am Jur 2d, Hospitals and Asylums § 20 *et seq.*
   Government tort liability for injuries caused by negligently released individual. 6 ALR4th 1155.
[3] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 45 *et seq.*
[4] 20 Am Jur 2d, Courts §§ 189, 195.
[5] 20 Am Jur 2d, Courts §§ 186, 189.

M. J. KELLY, J., concurred in part and dissented in part. He concurred with the majority opinion that the circuit court's grant of summary judgment should be affirmed but believed that governmental immunity extends to public officials only if they are acting within the scope of their employment and only if their actions are of a discretionary rather than a ministerial nature. Because the defendants were engaged in governmental functions and were acting within essentially discretionary roles, they should be immune from civil liability.

## OPINION OF THE COURT

1. GOVERNMENTAL IMMUNITY — GOVERNMENTAL EMPLOYEES.

    An individual employee is immune from tort liability while acting within the scope of his employment where the function of his employer is a governmental one.

2. GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTIONS — PUBLICLY OPERATED PSYCHIATRIC FACILITIES.

    Publicly operated psychiatric facilities should generally be considered to be engaged in governmental functions for purposes of governmental immunity from tort liability.

## PARTIAL CONCURRENCE AND PARTIAL DISSENT BY M. J. KELLY, J.

3. GOVERNMENTAL IMMUNITY — PUBLIC OFFICIALS.

    *Governmental immunity extends to public officials only if they are acting within the scope of their employment and only if their actions are of a discretionary rather than a ministerial nature.*

4. COURTS — SUPREME COURT — PLURALITY DECISIONS.

    *A plurality decision of the Supreme Court in which no majority of the justices participating agree as to the reasoning does not constitute binding precedent.*

5. COURTS — STARE DECISIS.

    *The Court of Appeals is only bound by majority decisions of the Supreme Court; stare decisis should not be treated lightly.*

*Byron E. Siegel,* for plaintiff.

*Patterson, Patterson, Whitfield, Manikoff, Ternan & White* (by *Gretel S. Robinson),* for defendant Yuzon.

*Bell & Hertler, P.C.* (by *David C. Hertler*), for defendants Lee.

*Franklin, Petrulis, Lichty & Mellon, P.C.* (by *Bruce W. Franklin* and *Irene A. Bruce*), for defendant Crawford.

Before: BEASLEY, P.J., and M. J. KELLY and N. J. LAMBROS,* JJ.

PER CURIAM. Plaintiff appeals by right from a summary judgment in defendant Crawford's favor and by leave granted from a summary judgment for the other defendants. At issue is the application of governmental immunity to individual public employees.

Plaintiff's decedent was committed to Clinton Valley Center Hospital pursuant to a probate court order. She was also treated by physicians at the West Oakland Community Mental Health Clinic. On August 8, 1978, plaintiff's decedent was discharged from the Clinton Valley Center Hospital. On September 27, 1978, plaintiff's decedent died after she drank poison. Both the hospital and the clinic are facilities of the Oakland County Community Mental Health Board. The individual defendants are employed by the board.

The trial judge held that the individual defendants were protected by governmental immunity. This Court is split on the scope of governmental immunity as that doctrine is applied to individual employees. We believe that, where the function of the employer is a governmental one, an employee is immune if his act is within the scope of his employment. See *Everhart v Roseville Community School Board,* 108 Mich App 218; 310 NW2d 338

---

* Circuit judge, sitting on the Court of Appeals by assignment.

(1981), and *Gaston v Becker,* 111 Mich App 692; 314 NW2d 728 (1981). Publicly operated psychiatric facilities are generally considered to be engaged in governmental functions. *Perry v Kalamazoo State Hospital,* 404 Mich 205; 273 NW2d 421 (1978). Each individual defendant clearly acted within the scope of his or her employment in treating and discharging plaintiff's decedent.

Affirmed.

M. J. Kelly, J. *(concurring in part and dissenting in part).* I concur only in the result reached by the majority. I do not agree with the majority's decision to extend the defense of governmental immunity to all individuals acting within the scope of their employment who are employed by an employer whose function is a governmental one.

I

Governmental immunity extends to public officials only if they are acting within the scope of their employment and only if their actions are of a discretionary rather than a ministerial nature. *Layton v Quinn,* 120 Mich App 708, 721; 328 NW2d 95 (1982). See *Wall v Trumbull,* 16 Mich 228, 236 (1867). The Supreme Court has continually advised the bench and the bar that its plurality decisions, in which no majority of the justices participating agree as to the rationale for decision, are not authoritative precedent. See, *e.g., Negri v Slotkin,* 397 Mich 105, 109; 244 NW2d 98 (1976); *People v Anderson,* 389 Mich 155, 170; 205 NW2d 461 (1973). Without heeding this warning, some panels of this Court have extrapolated from the multitude of opinions in *Bush v Oscoda Area Schools,* 405 Mich 716; 275 NW2d 268 (1979) (3-2-1-

2 decision), and *Lockaby v Wayne County,* 406 Mich 65; 276 NW2d 1 (1979) (3-2-1-1 decision), an implication that the Supreme Court "would now hold" that the ministerial-discretionary prong of the test for determining whether to accord a governmental employee governmental immunity should not retain its validity. See, *e.g., Lewis v Beecher School System,* 118 Mich App 105, 111; 324 NW2d 779 (1982); *Gaston v Becker,* 111 Mich App 692; 314 NW2d 728 (1981) (2-1 decision). The majority opinion in the instant case joins in this soothsaying in attempting to apply an, as yet, unrendered Supreme Court abolition of the ministerial-discretionary standard to the instant case.

In my view, an intermediate appellate court is venturesome when it attempts to forecast and apply future decisions of a higher court on the basis of plurality decisions which contain a multitude of opinions. Especially significant in Michigan is the replacement of three justices on the Supreme Court since the decision in *Lockaby* and new Justice MICHAEL F. CAVANAGH's repeated assertions that the ministerial-discretionary standard is viable. See, generally, *e.g., Young v Ann Arbor (On Rehearing),* 125 Mich App 459; 336 NW2d 24 (1983) (M. F. CAVANAGH, J., *dissenting).*

The Court of Appeals is bound by majority decisions of the Supreme Court. See, *e.g., Schwartz v Flint (After Remand),* 120 Mich App 449, 462; 329 NW2d 26 (1982). Stare decisis cannot be treated lightly. *Colborne v Detroit United Railway,* 177 Mich 139, 142; 143 NW 32 (1913). The Court of Appeals, therefore, should continue to adhere to decisions of the Supreme Court which apply the ministerial-discretionary distinction. See, generally, *e.g., Wall, supra; Sherbutte v Marine City,* 374 Mich 48, 54-55; 130 NW2d 920 (1964). If, at

any time, the Supreme Court musters a majority which deems that its prior decisions applying the ministerial-discretionary distinction should be overruled, it has the power to spread the word.

II

The ministerial-discretionary distinction is a difficult test to apply. Under Michigan law, the boundaries of what acts are to be considered ministerial and what acts are to be considered discretionary are not precise. In defining the scope of discretionary acts, the Supreme Court has looked to whether an act involves an action or decision of a legislative, executive, or judicial character. *Sherbutte, supra,* p 55. In so doing, the Court has held that the action of a police officer in making an arrest is not discretionary. *Sherbutte, supra,* p 55. Conversely, the Supreme Court has defined ministerial acts to be those in which the actor "has a line of conduct marked out for him, and has nothing to do but to follow it". *Wall, supra,* p 234. Thus, election inspectors who refused to allow a mixed-blooded person to vote because they determined that he did not possess "the necessary white qualification" were found not to have acted ministerially and, therefore, were protected by governmental immunity. See *Gordon v Farrar,* 2 Doug 411 (Mich, 1847).

Faced with divergent definitions and the attendant necessity for a case-by-case determination, this Court has opined that "very little of what a medical doctor or psychologist ever does is ministerial". *Pomilee v Detroit,* 121 Mich App 121, 125; 328 NW2d 595 (1982). While that statement may be overbroad, I note that in the instant case plaintiffs have not pointed to any actions by defendants in violating courses of conduct which were laid out

for them. Rather, plaintiffs alleged that defendants committed errors in judgment. Although the boundaries of the ministerial-discretionary standard are not precise, I believe that the standard protects individuals engaged in a governmental function from errors in judgment. See *Pomilee, supra,* p 127 (M. J. KELLY, J., *concurring).* Since defendants were engaged in a governmental function and were acting within essentially a discretionary role, they are immune from civil liability.

I concur in affirming but for the reasons described above.