VITALE v LENTINE

Docket Nos. 69913, 72357. Submitted February 8, 1984, at Detroit.—
    Decided May 8, 1984.
    Plaintiff, Caraleen Vitale, was allegedly injured while she was a
        passenger in an automobile owned by Russ Milne Ford and
        being used by the Chippewa Valley Schools for its driver
        education program. At the time of the accident the automobile
        was being driven by Natalie A. Schoerder under the supervi-
        sion of the driver education instructor, William Lentine. Plain-
        tiff brought an action against Lentine, Chippewa Valley
        Schools, Schoerder and Russ Milne Ford, seeking damages. The
        Macomb Circuit Court, James C. Daner, J., granted summary
        judgment in favor of defendant Lentine. The trial court granted
        summary judgment in favor of defendant Chippewa Valley
        Schools, George R. Deneweth, J., holding that the school dis-
        trict's driver education program was a governmental function
        for which the district was protected by governmental immu-
        nity. Plaintiff appealed separately from the summary judgment
        orders and the appeals were consolidated. *Held:*

        1. The school district had a statutory duty to provide the
    driver training program and, in doing so, was performing a
    governmental function. Plaintiff's claims against the district
    were barred by governmental immunity.

        2. Defendant Lentine was also protected from suit by govern-
    mental immunity, as he was acting within the scope of his
    employment at the time of the accident.

        3. The trial court did not abuse its discretion in denying
    plaintiff's motion to amend her pleadings as to defendant

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 11,
    16, 38, 40, 95.
    Modern status of doctrine of sovereign immunity as applied to
    public schools and institutions of higher learning. 33 ALR3d 703.
    Liability, for personal injury or property damage, for negligence in
    teaching or supervision of learning driving. 5 ALR3d 271.
    Tort liability of schools and institutions for higher learning. 86
    ALR2d 489.
[2] 61A Am Jur 2d, Pleading § 315.

Lentine. The plaintiff had unduly delayed in seeking amendment and the case had already gone through mediation and was ready for trial.

Affirmed.

1. Schools — Driver Education — Governmental Immunity.

The operation of a driver education program by a public school district is a governmental function and the school district is thereby immune from suit for a tort liability claim arising from operation of the driver education program; similarly, a driver education instructor employed by the school district is immune from suit for an accident which occurred while he was acting within the scope of his employment (MCL 257.811, 691.1407; MSA 9.2511, 3.996[107]).

2. Pleading — Amendments.

Generally, amendment of the pleadings is liberally allowed; however, a trial court did not abuse its discretion in denying a plaintiff's motion to amend where the plaintiff had unduly delayed seeking amendment and the case had already gone through mediation and was ready for trial.

*Maceroni, Maceroni & Trickey, P.C.* (by *Charles Trickey, III*), for plaintiff.

*Ogne, Jinks, Ecclestone & Alberts, P.C.* (by *Stephen T. Moffett*), for defendant Lentine.

*Halsey, Halsey & Pommerening* (by *Lee E. Halsey*), for defendant Chippewa Valley Schools.

Before: Beasley, P.J., and Gribbs and J. R. Ernst,* JJ.

Per Curiam. Plaintiff, Caraleen Vitale, appeals from an order granting summary judgment in favor of defendants, William Lentine and Chippewa Valley Schools, under GCR 1963, 117.2(1).

In her complaint, plaintiff alleged that defendant Chippewa Valley Schools hired defendant Lentine to teach a driver's education class on its

* Circuit judge, sitting on the Court of Appeals by assignment.

behalf and, particularly, to supervise defendant Natalie Schoerder, a driver training student. While a passenger in a car owned by defendant Russ Milne Ford and driven by defendant Schoerder under defendant Lentine's supervision, plaintiff was injured when the car crashed into a ditch.

Plaintiff claims that defendant Lentine was negligent in failing to observe the erratic driving of student Schoerder, failing to properly supervise the student's driving and failing to require plaintiff to fasten her seatbelt. Plaintiff claims that defendant school district is liable because its employee, Lentine, acted on its behalf at the time of the accident so as to impute liability to the school district for his negligence.

In granting summary judgment, the trial court noted that the school district had a statutory duty[1] to provide a driver's education program and that there was a significant state interest in providing standardized, objectively ascertainable driver education at no cost to students. Therefore, citing *Grames v King*,[2] the trial court concluded that the driver training program was a governmental function and that plaintiff's claims were barred by governmental immunity.[3] The trial court also cited *Cobb v Fox*,[4] in which a school-bus program was found to be a governmental function.

While we recognize that the Supreme Court decisions concerned with the governmental immunity issue are in a state of flux where results are difficult to predict, we do not see any good reason to interfere with the trial court's conclusion that

---

[1] MCL 257.811; MSA 9.2511.

[2] 123 Mich App 573; 332 NW2d 615 (1983).

[3] MCL 691.1407; MSA 3.996(107).

[4] 113 Mich App 249; 317 NW2d 583 (1982).

these defendants possessed governmental immunity. We agree with the trial court, then, that defendant Chippewa Valley Schools was immune from suit in its performance of a governmental function and that defendant Lentine was immune, as he was acting within the scope of his employment.[5]

Plaintiff also claims error in the trial court's refusal to permit amendment of the complaint to add a new theory of liability for defendant Lentine. While generally amendment is liberally allowed, we find that the trial court properly exercised its discretion to deny amendment in this case. Here, plaintiff had unduly delayed in seeking amendment. The case had been mediated and was ready for trial. Consequently, there was no abuse of discretion in denial of the motion to amend.[6]

Affirmed.

---

[5] *Danley v Yuzon,* 128 Mich App 228; 340 NW2d 79 (1983).

[6] *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649; 213 NW2d 134 (1973).