WOJTASINSKI v CITY OF SAGINAW

1. STATES—GOVERNMENTAL FUNCTIONS—JAILS—PRISONS.

The operation and maintenance of a jail is a governmental function.

2. MUNICIPAL CORPORATIONS—GOVERNMENTAL IMMUNITY—PRISONERS —NUISANCE—GROSS NEGLIGENCE.

An action against a city based upon the failure of city employees to properly care for and supervise prisoners is barred by the governmental immunity statute; allegations of nuisance in the complaint do not avoid the defense of governmental immunity where it is clear that the city was not maintaining a nuisance per se or a highly dangerous condition resulting from grossly negligent conduct (MCLA 691.1407; MSA 3.996[107]).

Appeal from Saginaw, Joseph R. McDonald, J. Submitted February 2, 1977, at Lansing. (Docket No. 26758.) Decided March 29, 1977.

Complaint by James J. Wojtasinski, administrator of the estate of Leo Wojtasinski, deceased, against the City of Saginaw for damages for wrongful death arising out of the operation of the city jail. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Brisbois, Sturtz & Rousseau,* for plaintiff.

*Otto W. Brandt, Jr.,* Assistant City Attorney, for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 60 Am Jur 2d, Penal and Correctional Institutions § 3.
[2] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 65 *et seq.*

Before: D. C. RILEY, P. J., and T. M. BURNS and BEASLEY, JJ.

T. M. BURNS, J. On August 11, 1972, Leo Wojtasinski was incarcerated in the Saginaw city jail with Clarence Emmel. Wojtasinski was later found dead, having been severely beaten by Emmel. The administrator of Wojtasinski's estate brought this suit against the city alleging negligence and maintenance of a nuisance in the operation of the jail. Summary judgment was granted the city on the basis of MCLA 691.1407; MSA 3.996(107) which grants immunity from tort liability to all governmental agencies when they are engaged in the exercise and discharge of a governmental function. The plaintiff appeals.

Plaintiff first argues that the immunity statute is violative of the due process and equal protection clauses of the U.S. and Michigan Constitutions. This Court has consistently rejected the argument. *Knight v Tecumseh,* 63 Mich App 215, 220; 234 NW2d 457 (1975). While we tend to agree that the statute is violative of the equal protection clause "insofar as it purports to confer immunity on the state and other units of government for tortious acts committed in the performance of functions that have a counterpart in the private sector and for which private persons are subject to such liability",[1] we cannot so hold in this case. Generally, the operation and maintenance of a jail is a governmental function. *Green v Department of Corrections,* 30 Mich App 648; 186 NW2d 792 (1971). See 63 CJS, Municipal Corporations, § 904 p 309. The alleged tortious conduct in this case concerned the failure of city employees to properly care for and supervise prisoners. The conduct cer-

[1] *Thomas v Department of State Highways,* 398 Mich 1, 26; 247 NW2d 530 (1976), LEVIN, J., dissenting.

tainly was within the scope of the performance of a uniquely governmental function.

Plaintiff further contends that by alleging that the city jail was a nuisance his complaint states a cause of action which survives the defense of governmental immunity. See *Buckeye Union Fire Insurance Co v Michigan,* 383 Mich 630; 178 NW2d 476 (1970). While it is conceivable that, under the proper facts, the operation of a city jail might constitute a nuisance, it is clear that in the case at bar the defendant was not maintaining a nuisance per se or a highly dangerous condition resulting from grossly negligent conduct. See *Buddy v Department of Natural Resources,* 59 Mich App 598; 229 NW2d 865 (1975). *Cf. Gerzeski v Department of State Highways,* 68 Mich App 91; 241 NW2d 771 (1976).

We find no error in the trial court's order of summary judgment based upon statutory governmental immunity. The judgment is, therefore, affirmed. No costs.