SIESS v BUREAU OF PARDONS & PAROLES

(SIESS v McCONNELL)

PARDON AND PAROLE—PAROLE BOARD—GOVERNMENTAL IMMUNITY.

A grant of parole to a prisoner, and the time of his release, is
within the discretion of the parole board; the members of the
parole board, as state officials, are immune from suit for the
consequences of their decision to grant parole to a prisoner who
subsequently committed a murder while on parole.

Appeal from Oakland, Robert B. Webster, J.
Submitted November 9, 1976, at Detroit. (Docket
No. 28590.) Decided March 31, 1977. Leave to
appeal applied for.

Complaint by Edgar J. Siess, for himself and as
administrator of the estate of Carol Siess, de-
ceased, against the members of the Michigan Bu-
reau of Pardons and Paroles, the director and
assistant director of the Department of Correc-
tions, and the members of the Michigan Correc-
tions Commission for damages and injunctive re-
lief for the death of Carol Siess, killed by a paro-
lee. Summary judgment for defendants. Plaintiff
appeals. Affirmed.

*Renfrew, Moir & Burgett, P. C.,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Patrick A. Asel-
tyne,* Assistant Attorney General, for defendants.

Before: D. F. WALSH, P. J., and R. B. BURNS and
O. B. BIVINS,* JJ.

REFERENCE FOR POINTS IN HEADNOTE

57 Am Jur 2d, Municipal, School, and State Tort Liability § 65 *et
seq.*

* Circuit judge, sitting on the Court of Appeals by assignment.

R. B. Burns, J. Plaintiff was the father of Carol Siess, deceased, and is the administrator of her estate. The defendants are members of the State of Michigan Bureau of Pardons and Paroles, the director and assistant director of the Michigan Department of Corrections, and members of the Michigan Corrections Commission.

Plaintiff instituted suit for damages and injunctive relief against the defendants for the death of his daughter, killed by a parolee.

Defendants moved for a summary judgment based on the doctrine of governmental immunity. The trial court granted the motion.

The plaintiff claims that the defendants acted outside the scope of their authority and therefore lose their defense of governmental immunity and are liable to plaintiff.

MCLA 791.235; MSA 28.2305 provides in part: "The release of a prisoner on parole shall be granted solely upon the initiative of the parole board."

The defendants may have made a mistake in granting parole to the involved parolee but such a grant was within the scope of their authority.

MCLA 791.234; MSA 28.2304 provides: "The time of his release on parole shall be discretionary with the parole board."

*Walkowski v Macomb County Sheriff,* 64 Mich App 460; 236 NW2d 516 (1975), holds that a state official is immune from suit for the consequences of his discretionary acts.

Affirmed. No costs, a public question.