MASON v ROSEN

Docket Nos. 56239, 57077. Submitted March 15, 1982, at Detroit.—
Decided January 21, 1983.

Peggy M. Mason, temporary personal representative of the estate
of Pamela E. Crawford, brought a wrongful death action in
Wayne Circuit Court against Dr. Harvey Rosen and Richard
Shur, employees of the Detroit Psychiatric Institute, alleging
that they had failed properly to treat decedent when she was
admitted to the institute and had permitted decedent to leave
the institute despite the fact that decedent showed signs of
suicidal tendencies and that, as a proximate result of such
failure to properly diagnose, treat, and supervise decedent,
decedent had shot and killed herself. Both defendants moved
for summary judgment on the basis of governmental immunity.
Thomas J. Foley, J., granted the defendants' motions. Plaintiff
appealed the Shur judgment as of right and the Rosen judg-
ment by leave granted. The appeals were consolidated. *Held:*

1. Defendants' employer, the Detroit Psychiatric Institute, is
a public mental health facility and, as such, would be entitled
to governmental immunity on the same basis as public mental
hospitals are granted such immunity.

2. The proper test to determine whether an employee of a
governmental agency which is entitled to governmental immu-
nity is likewise immune from liability for negligence is whether
the employee was acting within the scope of his employment.
Since plaintiff alleged only acts of negligence by defendants and
the alleged acts occurred within the scope of the employment,
defendants were entitled to the defense of governmental immu-
nity.

3. Even if each defendant's individual liability was deter-

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment § 16.
[2] 40 Am Jur 2d, Hospitals and Asylums §§ 2, 20, 22.
    Immunity from liability for damages in tort of state or governmen-
    tal unit or agency in operating hospital. 25 ALR2d 203.
[3] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 85.
[4] 40 Am Jur 2d, Hospitals and Asylums § 18.
    57 Am Jur 2d, Municipal, School, and State Tort Liability § 45.

mined by the ministerial-discretionary test, defendants would be immune from liability for negligence, since persons engaged in diagnosis and treatment of mental illness engage in acts that are, of necessity, discretionary in nature.

Affirmed.

BRONSON, J., concurred in the result only.

1. GOVERNMENTAL IMMUNITY — MOTIONS — SUMMARY JUDGMENTS.

A plaintiff faced with a defendant's motion for summary judgment based upon governmental immunity has the burden of pleading facts in avoidance of immunity.

2. GOVERNMENTAL IMMUNITY — MENTAL HEALTH — DETROIT PSYCHIATRIC INSTITUTE.

The Detroit Psychiatric Institute, being a public mental health care facility, is entitled to governmental immunity on the same basis as public mental hospitals are granted immunity.

3. GOVERNMENTAL IMMUNITY — PUBLIC EMPLOYEES — NEGLIGENCE.

The proper test to apply to ascertain whether an employee of a governmental agency which is immune from liability for its negligence is also cloaked with governmental immunity is whether the employee was acting within the scope of his employment; if the employee is acting within the scope of his employment, the employee is immune from liability for negligence.

4. GOVERNMENTAL IMMUNITY — PUBLIC EMPLOYEES — PSYCHIATRISTS — DISCRETIONARY ACTS.

Medical decision-making is inherently discretionary, rather than ministerial, in nature; accordingly, a psychiatrist at a public mental hospital is engaged in a discretionary act which is within the scope of governmental immunity when making decisions of a medical nature in the course of his employment.

*William G. Ashworth,* for plaintiff.

*Kerr, Russell & Weber* (by *Patrick McLain),* for defendant Rosen.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *George L. McCargar* and *Craig Atchinson,* Assistants Attorney General, for defendant Shur.

Before: Danhof, C.J., and Bronson and J. R. Ernst,* JJ.

Per Curiam. Plaintiff appeals orders for summary judgment granted in favor of each defendant dismissing her complaint for wrongful death on the basis of governmental immunity. Plaintiff's appeal of the summary judgment granted in defendant Shur's favor is of right. (Docket No. 56239.) Her appeal of the summary judgment granted in defendant Rosen's favor is by leave granted. (Docket No. 57077.) The two cases were ordered consolidated by this Court on July 14, 1981.

When governmental immunity forms the basis of a motion for summary judgment, the burden is upon the plaintiff to plead facts in avoidance of immunity. *Furness v Public Service Comm,* 100 Mich App 365; 299 NW2d 35 (1980); *Armstrong v Ross Twp,* 82 Mich App 77; 266 NW2d 674 (1978). As this Court stated in *Butler v Wayne County Sheriff's Dep't,* 75 Mich App 202, 203-204; 255 NW2d 7 (1977):

"When governmental immunity is at issue, the test used to decide a motion for summary judgment under GCR 1963, 117.2(1) is whether the specific tortious activity alleged against the state or its agencies, when examined in a light most favorable to the plaintiff, falls within the 'exercise or discharge of a governmental function'. MCL 691.1407; MSA 3.996(107); *Galli v Kirkeby,* 398 Mich 527, 536-537; 248 NW2d 149, 152 (1976) (opinion of Williams, J.)."

The facts as alleged by plaintiff are that in September, 1978, the decedent was admitted to the Detroit Psychiatric Institute following a suicide attempt. Defendant Rosen, a psychiatrist, and de-

* Circuit judge, sitting on the Court of Appeals by assignment.

fendant Shur, alleged to be an individual with training and expertise in the care and treatment of mental patients, were charged with the decedent's care and treatment. Plaintiff further alleged that despite showing signs of suicidal tendencies, the decedent was permitted by defendants to leave the institute and visit her family on several occasions. On March 17, 1979, the decedent shot and killed herself while on such leave. Plaintiff alleged in her complaint that defendants breached various and sundry duties owed to the deceased by: (a) granting plaintiff's decedent temporary releases from Detroit Psychiatric Institute for home visits, (b) failing to properly supervise the activities of plantiff's decedent while on said temporary releases, (c) failing to instruct the relatives of plaintiff's decedent in the care and treatment of said decedent while on said temporary releases, (d) failing to prescribe and/or administer proper types and/or quantities of medication for plaintiff's decedent from September 17, 1978, until March 17, 1979, (e) failing to properly supervise or monitor the care and treatment given to plaintiff's decedent by other persons under the authority of and/or associated with defendants in the care and treatment of said decedent at Detroit Psychiatric Institute, (f) failing to possess the proper training and/or certification to render the care and treatment given to plaintiff's decedent, (g) failing to adequately diagnose the illness of plaintiff's decedent, and (h) failing to establish and maintain an adequate plan of care and treatment for plaintiff's decedent.

Plaintiff further alleged such breach of duty to have been a proximate cause of her decedent's death.

In *Perry v Kalamazoo State Hospital,* 404 Mich

*205; 273 NW2d 421 (1978),* a majority of the Court determined that operation of a public mental hospital constitutes a governmental function afforded statutory immunity from tort liability. MCL 691.1407; MSA 3.996(107). Justice MOODY, writing the controlling opinion in the case, determined that because of the "pervasive role" which government played in the area of mental health, evidenced by the substantial appropriations in the state's annual budget and legislative declaration of a public policy that the care, treatment, and rehabilitation of the seriously mentally handicapped should be fostered and supported, the operation of a public mental hospital was a governmental function. Said Justice MOODY:

> "The day-to-day care by an attendant, physician or other employee on the staff of a mental hospital represents a governmental function furthering the public need to segregate, treat and rehabilitate citizens suffering from mental disease who cannot otherwise care for themselves and who often are committed voluntarily or involuntarily through governmental action.
>
> "Accordingly, as public mental hospitals perform an essentially unique activity mandated by legislative action, immunity must be extended as a governmental function under the statute. The proper planning and carrying out of this function can effectively be accomplished only by the government. The function is esentially governmental." *Perry, supra,* p 214.

Relying on *Perry,* this Court has held that the Center for Forensic Psychiatry was entitled to the same immunity as was afforded a state mental hospital. *Fuhrmann v Hattaway,* 109 Mich App 429; 311 NW2d 379 (1981). Plaintiff has failed to plead any factual basis for distinguishing the present case from *Perry* and *Fuhrmann,* and we conclude that the institute, a public mental health

care facility, would be entitled to governmental immunity under the statute.

Turning to those allegations which form the basis of liability asserted against the individual defendants, Rosen and Shur, it is evident that plaintiff's claim is founded exclusively upon assertions of negligence or, more particularly as to certain allegations, malpractice. Moreover, these allegations sounding in malpractice are in the nature of "unreasonable lack of skill" or application thereof in the discharge of professional responsibilities, rather than charging "evil practice, or illegal or immoral conduct". Black's Law Dictionary (Rev 4th ed), p 1111, "Malpractice". Plaintiff pleaded no acts of intentional infliction of injury nor any acts that might be construed as being *ultra vires* or outside the scope of defendants' employment with the institute.

We note that a substantial number of the decisions of this Court continue to determine immunity of the individual governmental employee by application of the discretionary-ministerial dichotomy articulated by Justice COOLEY in the leading case of *Wall v Trumbull,* 16 Mich 228 (1867). See *Willis v Nienow,* 113 Mich App 30; 317 NW2d 273 (1982); *Gaston v Becker,* 111 Mich App 692, 701; 314 NW2d 728 (1981) *(dissenting opinion of* D. E. HOLBROOK, JR., J.); *Fiser v Ann Arbor,* 107 Mich App 367; 309 NW2d 552 (1981); *Vargo v Svitchan,* 100 Mich App 809; 301 NW2d 1 (1980); *O'Toole v Fortino,* 97 Mich App 797; 295 NW2d 867 (1980); *Cook v Bennett,* 94 Mich App 93; 288 NW2d 609 (1979); *Siess v Bureau of Pardons & Paroles,* 74 Mich App 613; 255 NW2d 2 (1977). However, we perceive an emerging trend among the members of this Court to adopt the analysis of Judge BASHARA's dissenting and concurring opinion in *Cook v*

*Bennett, supra,* as further explained by Judge BRONSON'S majority opinion in *Gaston, supra.* See *Lewis v Beecher School System,* 118 Mich App 105; 324 NW2d 779 (1982).

The more recent cases construe the consensus in *Bush v Oscoda Area Schools,* 405 Mich 716; 275 NW2d 268 (1979), and *Lockaby v Wayne County,* 406 Mich 65; 276 NW2d 1 (1979), as having held that the proper test to apply to ascertain individual immunity of an employee of a governmental agency, engaged in the exercise or discharge of a governmental function, is merely whether this individual employee was acting within the scope of his employment. If so, the employee cannot be held liable. The principal criticism which might be offered to the consensus test as recognized in *Gaston, supra,* is that it results in an unexplained expansion of governmental immunity contrary to the established policy of the Michigan Supreme Court to curtail common-law judge-made immunity which the state and its instrumentalities have enjoyed. *Pittman v City of Taylor,* 398 Mich 41; 247 NW2d 512 (1976); *Williams v Detroit,* 364 Mich 231; 111 NW2d 1 (1961).

Having determined that plaintiff asserts only negligence, or negligent malpractice, on the part of individual defendants Rosen and Shur, and having further concluded that all of the actions upon which plaintiff's claim is grounded occurred within the scope of employment of each defendant respectively, application of the rationale of *Gaston, supra,* and of Judge BASHARA's opinion in *Cook, surpa,* leads to the conclusion that the cloak of governmental immunity extends to the present defendants.

We note, moreover, that even if defendants' immunity were to be determined by analysis of

whether the complained-of acts were discretionary or ministerial, the result reached would not differ. Each instance of alleged breach of duty by defendants relates directly to the care and treatment of decedent as a mentally ill person.

"Plainly, the activities of the defendant psychiatrists are anything but ministerial. The decisions required of these persons are perhaps the ultimate in discretion. To determine the state of a person's psyche is in itself a task requiring great discretion and when this task is conjoined with the even more imposing job of resolving another's liberty, the consequent decision cannot be said to be 'ministerial' in any sense of that word." *Fuhrmann v Hattaway, supra,* p 436.

The decision of the circuit court in the action against each defendant is affirmed. No costs are to be taxed, a public question being involved.

BRONSON, J., concurs in the result only.